### S. BAUMGAERTEL and P. Bennion, Plaintiffs and Respondents,

v.

### SALT LAKE COUNTY, a body corporate and politic of the State of Utah, et al., Defendants and Appellants.

### No. 14550.

Supreme Court of Utah.

Jan. 27, 1977.

---

R. Paul Van Dam, Salt Lake County Atty., Ralph D. Crockett, Donald Sawaya, Deputy County Attys., Salt Lake City, for defendants and appellants.

Brian M. Barnard, Salt Lake City, for plaintiffs and respondents.

MAUGHAN, Justice:

On January 14, 1976, the Board of Salt Lake County Commissioners approved and signed the personnel action request forms submitted by the Salt Lake County Clerk. The request included the names of five wives and two daughters-in-law of local justices of the peace, who had previously worked as clerks in the various precinct courts.

Such approval allowed the employment of relatives of justices of the peace, within the degree of first cousin by affinity or consanguinity, to serve as court clerks, serving as such, in the same precinct and court in which the related justices of the peace preside. The trial judge found such practice a contravention of a constitutional mandate. We affirm.

The court's ruling is in conformity with Article VIII, Section 15, Constitution of Utah, which provides:

No person related to *any judge of any court* by affinity or consanguinity within the degree of first cousin, shall be appointed by such court or judge to, or *employed by such court or judge* in any office or *duty in any court* of which such *judge* may be a member. [Emphasis supplied.]

1.  See Article VIII, Sec. 1, Constitution of Utah.

2.  20 Am.Jur.2d, Courts, Sec. 1, pp. 386–387 and Sec. 3, p. 388.

In interpreting this provision it is wise to repeat the admonition of Article I, Section 26, which provides:

The provisions of this Constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise.

This constitutional interdiction may not be limited by a legislative enactment creating exceptions or limitations which depart from the express provisions of the Constitution, viz., subdivisions (a), (b), (c), and (d) of Section 52–3–1, U.C.A. 1953.

In construing the language of this constitutional provision there emerges a clear distinction between the terms "court" and "judge" and within the context of the section they are clearly not used interchangeably. The term "court" connotes a governmental institution in which is vested the judicial power of the State.[1] The concept of a court is much broader than that of a judge. In essence, a "court" is a tribunal, authorized by law, at the appropriate time and place, to administer justice; a "judge" is an officer or member of such tribunal.[2] This concept is reflected in *Deatsch v. Fairfield*,[3] wherein the court stated:

. . . When we speak of a court we think of the presiding judge, a clerk, parties, and attorneys, and while all of these are not necessary to constitute the court, neither is the judge alone the court.

. . .

Thus the prohibition of Section 15 applies to relatives employed by the "court" as well as those employed by the "judge." All fall within the ambit, who are employed by a governmental institution vested with the judicial power of the state, wherein a relative within the proscribed degree is a member of the tribunal.

Another significant aspect in the interpretation of this section is the meaning of the term "employed."

The word "employed" frequently refers to a person whose services are utilized in

3.  27 Ariz. 387, 233 P. 887, 890, 38 A.L.R. 651 (1925).

furtherance of business of another, notwithstanding absence of technical employer-employee relationship.[4]

In a determination of whether the challenged relatives are employed by the court, the nature of their duties as clerks is significant.

A clerk of a court of justice is essentially a ministerial officer of the court, who has charge of the clerical part of its business. Sometimes described as an "administrative officer," or as the mere "arm" or "hand" of the court, the clerk is its official scribe, an "assistant" whose principal duty is to make a correct memorial of the court proceedings. He has custody of the court's records and seals, with power to certify to the correctness of transcripts from such records, and possesses authority to perform certain acts of a judicial nature incidental to his ministerial duties.

· · ·

In the performance of his ministerial duties the clerk is subject to the control of the court. · · ·[5]

The relationship between the court and the clerk is described as follows in 20 Am. Jur.2d, Courts, Section 54, pp. 424–425:

Generally speaking, the preparation of the court record is a ministerial rather than a judicial function. It is part of the ordinary duty of the clerk of a court that keeps records to prepare and compose those records. For this purpose he makes short notes, usually entered in the minute book, from which a full, extended, and intelligible writeup is afterward made as the record of the court. However, the court has control over its records, supervises their preparation, and has the duty to see that they conform to the actual facts.

■ The clerk of a court, in the performance of his duties, is clearly subject to the control of the court. He must be deemed "employed" by the court, for his services are directly utilized by the court, in performing its business, the administration of justice.

One is compelled to conclude that regardless of hiring practices a clerk is employed by the court to perform ministerial duties, under the direction and control of the court.

■ The obvious objective of Section 15 was to prohibit the employment of one who would be under the direct supervision and control of a relative. The framers of the Constitution perceived the employment of relatives as particularly deleterious, in connection with the exercise of judicial power, and therefore included Section 15 in the Judicial Article. Such a prohibition cannot be circumvented.[6]

WILKINS, J., concurs.

HENRIOD, C. J., concurs in the result.

ELLETT, Justice (dissenting).

The respondents are taxpayers of Salt Lake County, Utah; the defendants are the elected officials of the same county. W. Sterling Evans is the county clerk, and as such is ex officio clerk of the district courts and of the justice courts within his county. It is his duty to employ deputy clerks to serve the judges and the justices of the peace.

In connection with his duties to see that each court has a clerk, he appointed, for some of the justices of the peace, persons who were related to them. The respondents filed this action seeking a declaratory judgment preventing certain enumerated relatives from serving as clerks in the justices' courts.

The trial court granted summary judgment wherein he held that a person related within the proscribed relationship to a justice of the peace could not serve as clerk in his court. He based his decision upon Arti-

---

**4.** 14 Words and Phrases 69, 1976 Cumulative Annual Pocket Part.

**5.** 15 Am.Jur.2d, Clerks of Court, Sec. 1, pp. 514–515; also see Sec. 21, p. 527.

**6.** See Justice Henriod's dissent in *Backman v. Bateman,* 1 Utah 2d 153, 169, 263 P.2d 561 (1953), wherein he stated that under Article VIII, Sec. 15, the clerk, the stenographer, or any employee of a court loses his job when a judge related to him takes the bench.

cle VIII, Section 15 of the Utah Constitution which is as follows:

> No person related to any judge of any court by affinity or consanguinity within the degree of first cousin, *shall be appointed by such court or judge to, or employed by such court or judge* in any office or duty in any court of which such judge may be a member. [Emphasis added.]

The decision was also based on Section 52–3–1, U.C.A. 1953, Replacement Vol. 5B, which reads:

> It is unlawful for any person holding any position the compensation for which is paid out of public funds *to employ, appoint, or vote for the appointment of,* his or her father, mother, husband, wife, son, daughter, sister, brother, uncle, aunt, nephew, niece, first cousin, mother-in-law, father-in-law, brother-in-law, sister-in-law, son-in-law, or daughter-in-law in or to any position or employment, when the salary, wages, pay, or compensation of such appointee is to be paid out of any public funds. . . . [Emphasis added.]

A constable serves the justice of the peace in his precinct and may appoint deputies by and with the consent of the Board of County Commissioners.[1] There is nothing to prevent his appointing a relative of the justice of the peace as a deputy constable, nor to prevent that deputy from serving in the justices' court. It contravenes the statute only when the constable appoints his own relatives as deputies. It contravenes the constitution only when the justice *appoints* his own relatives.

In this case, the justice of the peace has neither appointed nor voted for a clerk who serves in his court. Nor has W. Sterling Evans appointed one of his own relatives to a position as deputy clerk.

The trial court misinterpreted the meaning of the statute and the constitution in his ruling. The judgment should be therefore reversed.

Since the respondents brought this suit in the interest of the public and not for any gain unto themselves, no costs should be awarded.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of ELLETT, J.